IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SOLOMON LaDANIEL HENDERSON AIS #250233, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:17-CV-702-WHA |
| ROESHA BUTLER, et al., | ) ) | |
| Defendants. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Solomon LaDaniel Henderson, a state inmate, filed this 42 U.S.C. § 1983 action challenging the use of force by a correctional officer on May 7, 2017. *Doc. No. 1* at 3. Henderson did not submit the $350 filing fee or $50 administrative fee and, instead, filed a document seeking leave to proceed *in forma pauperis* before this court. In support of this request, Henderson provided financial information necessary to determine the average monthly balance in his inmate account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to his inmate account during the past six months.

After a thorough review of the financial information provided by Henderson and pursuant to 28 U.S.C. § 1915(b)(1)(A), the court determined that Henderson owed an initial partial filing fee of $18.27. *Doc. No. 3* at 1-2. The court therefore ordered Henderson to pay the initial partial filing fee on or before November 9, 2017. *Id*. at 2. In addition, this order specifically informed Henderson "**that it is *his responsibility* to submit the appropriate paperwork to the prison account clerk for transmission of**

**such funds to this court for payment of the initial partial filing fee**." *Id*. (emphasis in original). The order also "advised [Henderson] that if he is unable to procure the initial partial filing fee within the time allowed by this court he must inform the court of such inability and request an extension of time within which to file the fee." *Id*. at 3. Moreover, the court specifically cautioned Henderson that failure to pay the requisite fee within the time allowed by the court would result in a Recommendation "that this case be dismissed and such dismissal will not be reconsidered unless exceptional circumstances exist." *Id*.

Henderson has failed to pay the initial partial filing fee within the time allowed by the court. The undersigned therefore concludes that this case is due to be dismissed without prejudice. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to pay the initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(A) as ordered by this court.

The plaintiff may file objections to the Recommendation on or before December **5, 2017**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general objections will not be considered by the District Court. The plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 21st day of November, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge